IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

DELTA-SONIC CARWASH SYSTEMS, INC.,

　　　　Plaintiff,

　　　- v -

UNITED STATES ARMY CORPS OF ENGINEERS;
LIEUTENANT GENERAL WILLIAM H. GRAHAM,
JR., in his official capacity as Commanding General of
the Army Corps of Engineers; and COLONEL DANIEL
J. HERLIHY, in his capacity as Division Engineer for
the Great Lakes and Ohio River Division of the Army
Corps of Engineers, and MELINDA LARSON, in her
capacity as Review Officer, Army Corps of Engineers,
Northwestern Division, and SUZANNE L. CHUBB, in
her official capacity as Regulatory Program Chief, Army
Corps of Engineers, Great Lakes and Ohio River
Division,

　　　　Defendants.

**STIPULATION**

Civil Case No.: 5:26-cv-341
(FJS/MJK)

---

**WHEREAS,** Plaintiff Delta-Sonic Carwash Systems commenced the above captioned case on or about March 3, 2026 against the United States Army Corps of Engineers and various officials thereof (collectively "Defendants" or the "Corps") challenging the Approved Jurisdictional Determination issued by the Corps delineating wetlands on Plaintiff's property located at 3805 and 3809 State Route 31, Clay, New York (the "Property"); and

**WHEREAS** Plaintiff's complaint sets out causes of action alleging that the Corps' decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, in excess of the Corps' statutory jurisdiction, authority, or limitations, or short of statutory right, and that the conditions places on Plaintiff's use of the property represent unconstitutional takings; and

**WHEREAS**, Plaintiff contends that the Corps' decision is at odds with the Supreme Court's decision *Sackett v. EPA*, 598 U.S. 651 (2023), which addressed the extent to which waterbodies are "waters of the United States" subject to the Corps' jurisdiction; and

**WHEREAS**, in response to the *Sackett* decision, the Corps and non-party U.S. Environmental Protection Agency (collectively, the "Agencies"), which jointly promulgate regulations addressing the Clean Water Act's definition of "waters of the United States," on September 8, 2023, issued a final rule that amended the regulatory definition of "waters of the United States" (the 2023 rule). 88 Fed. Reg. 61964; and

**WHEREAS**, after receiving feedback from numerous stakeholders on the 2023 rule, the Corps and EPA jointly issued a proposed rule on November 20, 2025, entitled "Updated Definition of 'Waters of the United States.'" 90 Fed. Reg. 52498, 52499; and

**WHEREAS**, the Agencies had received comments on the proposed rule until January 5, 2026. *Id.* at 52498; and

**WHEREAS,** the Agencies continue to evaluate the proposed rule and review comments; and

**WHEREAS**, the proposed rule, if finalized, would alter the regulatory definition of "waters of the United States" and, thus, affect how the Corps will make jurisdictional determinations;

**NOW, THEREFORE, IT IS**

**STIPULATED, ORDERED, AND AGREED**, that after the Agencies take final action on the proposed rule and if the outcome is a final rule updating the definition of "waters of the United States," the Corps will make best efforts to complete a new approved jurisdictional determination under the new rule within 45 to 60 days from the rule's effective date, subject to weather and

conditions allowing the Corps to collect any necessary field data, and subject to any judicial action that would render the rule inapplicable; and it is further,

**STIPULATED, ORDERED, AND AGREED**, that to preserve party and judicial resources, the above captioned cases is hereby held in abeyance, with a status report to be filed every 90 days, and a further status report to be filed within 10 days of the Agencies taking final action on the proposed rule discussed above; and it is further,

**STIPULATED, ORDERED, AND AGREED**, that should no final action be taken on the proposed rule within four (4) months of the effective date of this order, any party hereto may, upon fourteen (14) days notice, make a motion to this Court to restore this matter to the active calendar and dissolve this stay.

_____

HON. MITCHELL J. KATZ

Dated: _____

**WHITEMAN OSTERMAN & HANNA LLP**

_____

John J. Henry, Esq.
Anthony R. Bjelke, Esq.
*Attorneys for Plaintiff*
One Commerce Plaza
Albany, New York 12260
518-487-7600

**ADAM R.F. GUSTAFSON**
*Principal Deputy Assistant Attorney General*

_____

Cameron Hinojos, Esq.
United States Department of Justice
Environment and Natural Resources Division
*Attorneys for Defendants*
150 M Street, NE
Washington, D.C. 20002
202-305-5884